[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16433

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60904-CV-PAS

DIANE JUDSON,
NIGEL C. SIMPSON,
on behalf of themselves and all
others similarly situated,

Plaintiffs- Appellants,

versus

JM FAMILY ENTERPRISES, INC.,
a Delaware Corporation, and
SOUTHEAST TOYOTA DISTRIBUTORS, LLC,
a Florida Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 30, 2006)**

Before PRYOR, FAY and REAVLEY[*], Circuit Judges.

PER CURIAM:

The summary judgment entered in favor of the defendants/appellees is affirmed for the reasons set forth in the very thorough and scholarly ORDER GRANTING MOTION FOR SUMMARY JUDGMENT entered by the district court on October 17, 2005, with one minor exception that does not change the result. On page 10 of its opinion, the district court stated:

> Plaintiffs argue that they were not salaried employees because Defendants required them "to submit a time report and use personal or vacation time to be paid" when they were going to be away from the office. This argument, however, is not supported by the record. Rather, while the record indicates that Plaintiffs could use personal or vacation time when they were away from work, neither Ms. Parks nor Ms. Mangini testified that Defendants required Plaintiffs to use their personal or vacation time for such absenses.

A review of the record convinces us that this statement is incorrect. The plaintiffs alleged that they were required to use personal or vacation time if they were away from work for more than four hours. Ms. Mangini testified in her deposition that if the plaintiffs were away from work for more than fours hours they were "required to put it in writing that [they were] using personal time or vacation time." Mangini depo at 10:18-19.

---

[*] Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

However, it is clear that plaintiffs were paid on a salary basis. The Department of Labor regulation requires that the amount of compensation not be reduced depending on the quality or quantity of work performed. An employee is considered to be paid on a salary basis if "he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R § 541.118. The Department of Labor has opined that it is permissible to charge a salaried employee's leave bank for partial day absences. "Where an employer has a benefits plan (e.g., vacation time, sick leave), it is permissible to substitute or reduce the accrued leave in the plan for the time an employee is absent from work, whether the absence is a partial day or a full day, without affecting the salary basis of payment, if the employee nevertheless receives in payment his or her guaranteed salary." 2005 WL 330606, FLSA 2005-7. Because there is no dispute that the plaintiffs were paid a predetermined amount every pay period and that amount was not subject to variations, they were salaried employees and summary judgment was proper.

**AFFIRMED**.

3